IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-125 |
| | § | C.A. No. C-05-129 |
| DOMINGO SOTELO-LOPEZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS,
DISMISSING MOTION TO VACATE,
SET ASIDE OR CORRECT SENTENCE, AND
DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Domingo Sotelo-Lopez's ("Sotelo") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 41),[1] which the Court deems filed as of February 25, 2005.[2] The Court ordered the government to respond, and the government filed its response and motion to dismiss on June 1, 2005. (D.E. 53). Sotelo's motion is subject to dismissal both because it is not timely and because he waived his right to file the claim he raises therein. For these reasons, discussed in more detail

---

[1] Dockets entries refer to the criminal case, C-03-cr-125.

[2] Although Sotelo's motion was received by the Clerk on March 14, 2005, it is dated February 25, 2005. It also contains a certification that it was given to prison officials for filing on February 25, 2005, the pertinent act for deeming a document filed by a *pro se* prisoner under Houston v. Lack, 487 U.S. 266. 276 (1988). See also United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992) (providing benefit of Houston v. Lack to *pro se* prisoner in § 2255 proceedings). The Court thus deems it filed as of the earlier date.

1

below, the Court GRANTS the government's motion to dismiss and DISMISSES the motion. Additionally, the Court DENIES Sotelo a Certificate of Appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTS AND PROCEEDINGS

On May 6, 2003, Sotelo was charged in a single-count indictment with knowingly and intentionally possessing with intent to distribute approximately 9 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 1). On June 23, 2003, Sotelo pleaded guilty pursuant to a written plea agreement. (D.E. 15, 16). In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive the maximum credit for acceptance of responsibility and to recommend a sentence at the lowest end of the applicable guideline range. (D.E. 16 at ¶ 2). The plea agreement contained a voluntary waiver of Sotelo's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her

> conviction or sentence by means of any post-conviction proceeding.

(D.E. 16 at ¶ 7) (emphasis in original).

At Sotelo's rearraignment, the prosecutor summarized the agreement, and specifically stated that Sotelo "waives the right to contest his conviction or sentence by means of any post-conviction proceeding." (D.E. 50, Rearraignment Transcript ("R. Tr.") at 22). After that summary was given, Sotelo testified that the agreement was his, that he understood it, and that he had read the agreement and discussed it with his attorney, who had answered all of his questions with respect to it. (R. Tr. at 23).

The Court also questioned Sotelo under oath to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights. The Court specifically asked Sotelo about his waiver of § 2255 rights:

> THE COURT: You'll also be giving up your right to later challenge your conviction and your sentence on the grounds that the conviction and/or the sentence was unconstitutional. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That is to say, the law allows defendants, after they are convicted, to file a petition under 28 United States Code Section 2255. You will be giving up that right. Do you understand that?
>
> THE DEFENDANT: Yes.

(R. Tr. at 24). Sotelo further testified that no one had promised him what sentence he would

receive, that no one had promised him leniency, that no one had threatened him or forced him to plead guilty, and that it was his decision to plead guilty. (R. Tr. at 21, 24). It is clear from the foregoing that Sotelo's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Sotelo on October 6, 2003 to 70 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release, and imposed a $100 special assessment. (D.E. 24, 25). Judgment of conviction and sentence was entered October 8, 2003. (D.E. 25). Consistent with his waiver of appellate rights, Sotelo did not appeal.

Sotelo filed several post-conviction motions. First, he filed a motion seeking a recommendation of good time credit, which was denied by the Court. (D.E. 26-28). Then he filed a motion for reconsideration of his sentence, which was also denied by the Court. (D.E. 29, 36). On February 3, 2005, he filed a motion seeking relief based on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). (D.E. 33). That motion did not specify the statute pursuant to which he sought relief. In an order entered February 18, 2005, this Court declined to construe that motion as a § 2255 motion, instead denying it without prejudice to Sotelo's ability to file a proper § 2255 motion. (D.E. 35). Sotelo appealed the Court's February 18, 2005 Order to the Fifth Circuit (D.E. 37), and the Fifth Circuit dismissed the appeal for want of prosecution on April 26, 2005. (D.E. 49).

The § 2255 motion now pending before the Court is deemed filed as of February 25, 2005. (D.E. 41). As previously noted, the government has filed a response and seeks dismissal of the motion on the grounds that Sotelo's waiver of § 2255 rights bars the motion. (D.E. 53).

### III. MOVANT'S ALLEGATIONS

In his motion, Sotelo raises only one claim. Specifically, he argues that his sentence was unconstitutional because it was imposed pursuant to the United States Sentencing Guidelines, which have since been declared advisory only. See generally Booker, 125 S. Ct. 738. He claims that his Sixth Amendment rights were violated when the Court used certain facts to enhance his sentence, because those facts were neither found by a jury beyond a reasonable doubt nor admitted by him at the plea colloquy.

### IV. DISCUSSION

**A. Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[3] 28 U.S.C. § 2255. The

---

[3] The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 123 S. Ct. 1072, 1078-79 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (*per curiam*).

The period for Sotelo to file a notice of appeal from the judgment against him expired ten days after the entry of his judgment of conviction. Fed. R. App. P. 4(b). As calculated under Rule 26 of the Federal Rules of Appellate Procedure, ten days after October 8, 2003 is October 23, 2003. Sotelo did not appeal and thus his conviction became final on that date. Sotelo's time period for filing a motion pursuant to 28 U.S.C. § 2255 expired a year later, on October 23, 2004. Sotelo's motion is deemed filed as of February 25, 2005. Thus, it was filed approximately four months beyond the deadline as calculated under § 2255(1), and is untimely. Moreover, the record discloses no basis for equitable tolling. Accordingly, his motion is time-barred.[4]

Sotelo acknowledges that his motion was not filed within one year after the date his conviction became final. (D.E. 41 at p. 13). He appears to be arguing, however, that the motion should be deemed timely because it is based on a new holding of the Supreme Court. (See id.). Presumably, he is relying on § 2255 ¶6(3), which allows a motion to be

---

discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[4] The government does not argue in its motion that the motion is time-barred, but instead states that it is timely. (See D.E. 53 at 1). Its own version of the proceedings and the docket sheet in this case, reflect otherwise, however.

filed within one year after "the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 ¶6(3). This provision would render his claim timely if Booker applied retroactively to cases already final on direct review when it was decided. Because this Court concludes that Booker does not apply retroactively, however, his claim is not timely utilizing § 2255 ¶6(3), either.

### B. Timeliness of Booker claim

The Fifth Circuit has held that the Supreme Court has not made Booker retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. In re Elwood, 408 F.3d 211 (5th Cir. 2005). Additionally, in the context of discussing whether a claim fell within the savings clause of § 2255, a panel of the Fifth Circuit has recently stated: "Like Apprendi, Booker's holding is not retroactively applicable to cases on collateral review." Padilla v. United States, 416 F.3d 424, 427 (5th Cir. 2005). The Padilla decision does not contain any analysis or discussion as to how the court reached this conclusion. Rather, the decision simply cites to the first page of the Booker decision for authority, as well as to a case decided prior to Booker, Wesson v. U.S. Penitentiary Beaumont, TX, 305 F.3d 343, 347 (5th Cir. 2002), neither of which states that Booker does not apply retroactively. Nonetheless, to the extent the opinion was intended to address the

precise issue before the Court here,[5] it directs that Booker is not retroactively applicable.

Notably, the Padilla court's conclusion is consistent with every other federal court of appeals to have addressed the issue directly. Specifically, the Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have all addressed the retroactivity of Booker on initial collateral review and have concluded that Booker does not apply retroactively. See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (concluding that Booker states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); United States v. Humphress, 398 F.3d 855 (6th Cir. 2005) (same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005) (same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005) (same); Lloyd v. United States, 407 F.3d 608 (3d Cir. May 17, 2005) (same); United States v. Bellamy, 411 F.3d 1182 (10th Cir. 2005) (same); Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (same); United States v. Cruz, __F.3d __, 2005 WL 2243113 (9th Cir. Sept. 16, 2005) (*per curiam*) (same).

The Court agrees with the reasoning set forth in the foregoing cases and thus concludes that Booker is not retroactive to cases on collateral review. Because Sotelo's

---

[5] As noted, the Padilla court's statement was made in the context of discussing whether a defendant's claims fell within the scope of the savings clause of § 2255. In order to show that his claims fell within the savings clause, the movant had to show that he was asserting a claim of actual innocence "(1) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion." Padilla, 416 F.3d at 426 (quoting Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). Despite its broad language, the lack of any analysis suggests that it may not have been intended to directly address the more complicated issue of whether Booker is retroactive on initial collateral review outside the context of § 2255's savings clause.

conviction became final prior to the date Booker was decided – January 12, 2005 – he is not entitled to relief under Booker. His motion is untimely and is hereby DISMISSED.[6]

For the foregoing reasons, the Court concludes that Sotelo's § 2255 motion is barred by the applicable statute of limitations.

## C. Waiver of § 2255 Rights

Even if it were timely, moreover, Sotelo's motion would fail for an entirely independent reason. Specifically, he waived his right to file any § 2255 motions. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker). Nowhere in his motion does Sotelo challenge the validity of the waiver itself, nor does he challenge his counsel's advice related to his plea or the waiver. See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002) (an ineffective assistance claim survives such a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").

It is clear from the rearraignment transcript that Sotelo understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions. His statements under oath are entitled to a strong presumption of truthfulness.

---

[6] Even if the Court were to use his earlier motion seeking relief under Booker as the filing date, the motion would still be untimely. That earlier motion was received by the Clerk on February 3, 2005, and was dated January 28, 2005. (D.E. 33). Even if the Court were to conclude that his motion dated back to January 28, 2005, the motion would still be over three months late.

9

United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).

In sum, the Court concludes that Sotelo's waiver of his right to file a § 2255 motion is valid and enforceable.  His motion is not properly before the Court and is therefore DISMISSED for this reason, as well.

### D.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  Although Sotelo has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v. Johnson, 211 F.3d 895, 898 (5thCir. 2000) (it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or  denied, even before one is requested).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1039 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Sotelo has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his motion is untimely and that his waiver bars his motion. Accordingly, he is not entitled to a COA.

## V.  CONCLUSION

For the above-stated reasons, Sotelo's motion under 28 U.S.C. § 2255 (D.E. 41) is DISMISSED. The Court also DENIES him a Certificate of Appealability.

ORDERED this 17th day of October 2005.

_____
HAYDEN HEAD
CHIEF JUDGE